UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MRABIH RABOU OUMAR,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-576

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus without prejudice.

## I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner presents a flight risk or danger to the community. (Pet., ECF No. 1, PageID.26.)

In an Order entered on February 25, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response on March 2, 2026 (ECF No. 5), and Petitioner filed his reply on March 5, 2026 (ECF No. 6).

## II.    Relevant Factual Background

Petitioner is a native and citizen of Mauritania who entered the United States on July 25, 2019. (Pet., ECF No. 1, PageID.10; Notice to Appear (NTA), ECF No. 5-1, PageID.96.) Upon inspection, Petitioner was admitted into the United States on a nonimmigrant B2 visitor's visa "with authorization to remain in the United States for a temporary period not to exceed January 24, 2020." (NTA, ECF No. 5-1, PageID.96.)

On December 5, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Oumar v. Raycraft et al.* (*Oumar I*), No. 1:25-cv-1744 (W.D. Mich.). In *Oumar I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Oumar I*, (W.D. Mich. Jan. 22, 2026), (ECF Nos. 10, 11).

On January 30, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2.) Petitioner states that at the hearing, he presented evidence of his character, ties to the community, and sponsorships from his brother who was granted asylum, and his cousin who is a U.S. citizen, to show that he is not a flight risk nor a danger to the community. (*Id.*, PageID.2–3, 5–6.) At the conclusion of the January 27, 2026, hearing, the Immigration Judge denied Petitioner's request for bond, stating that Petitioner's request was "[d]enied, because [f]light risk." (Immigration Judge Order, ECF No. 1-3, PageID.34.)

**III.    Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on January 30, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    March 23, 2026                    /s/ Jane M. Beckering
                                           Jane M. Beckering
                                           United States District Judge

3